JOSEPH T. AND IRENE MILKOWSKI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Milkowski v. Commissioner
Docket Nos. 16432-79, 7950-80.
United States Tax Court
T.C. Memo 1981-225; 1981 Tax Ct. Memo LEXIS 527; 41 T.C.M. (CCH) 1441; T.C.M. (RIA) 81225; May 4, 1981. *527 Irene Milkowski and Joseph T. Milkowski, pro se. William H. Quealy, Jr., for the respondent. TANNENWALD
MEMORANDUM OPINION TANNENWALD, Judge: Respondent determined deficiencies in petitioners' Federal income taxes in the amounts of $ 483.00 for the taxable year 1976 and $ 671.00 for the taxable year 1977. The sole issue is whether petitioners are taxable on interest and dividend income. All of the facts have been stipulated and are found accordingly. Petitioners are husband and wife and resided in San Marino, California, at the time the petitions herein were filed. They timely filed joint Federal income tax returns for the taxable years 1976 and 1977 with the Fresno Service Center, Fresno, California. During the taxable year 1976, petitioners received but did not report on their return for that year $ 2,865 representing payment of interest on deposits in various savings institutions. During the taxable year 1977, they received but did not report on their return for that year $ 110 in dividends and $ 4,067 representing the payment of interest on deposit in various savings institutions. Petitioners reported $ 17 of interest income on their 1977 *528 return which respondent concedes was nontaxable income and agrees that an appropriate adjustment should be made. Petitioners' principal argument is that their failure to report the items as aforesaid should be sustained because they are entitled to the benefit of an inflation or cost-of-living-adjustment factor and their failure to report such items is a proper way to account for such factor. They point out that they are retired and that their sole income is from noncurrent earnings sources and that they are not entitled to the benefits of ERISA or to establish Individual Retirement Accounts as are other wage earners, with the result that they are being unconstitutionally subjected to discrimination. In spite of the unfortunate position in which petitioners find themselves and the psychological appeal of their arguments, the fact of the matter is that their position is without merit. Essentially, petitioners seek a deduction for an inflation or cost-of-living adjustment equal to the amounts of unreported income. "Deductions * * * are a matter of legislative grace and exist only by virtue of specific legislation." See , *529 affg. . There being no statute permitting any deduction such as that claimed by petitioners, petitioners cannot prevail. (deduction of inflation loss disallowed). Petitioners' other arguments, relating to their claimed inability to obtain the benefits of ERISA or an IRA account, are totally beside the point. We express no opinion with respect thereto other than to hold that any disadvantage to petitioners which may stem from their position in these respects does not provide the basis, constitutional or otherwise, for allowing the deduction claimed herein. The application of taxing statutes may have differing impact on individuals or groups without necessarily involving a constitutional violation of the rights of those who may be disadvantaged. Cf. , affd. per curiam . See also ("arguments of equity have little force in construing the boundaries of exclusions and deductions from income many of which, to *530 be administrable, must be arbitrary"). To reflect respondent's concession as to the items of taxable income in 1977, Decision will be entered for the respondent in docket No. 16432-79. Decision will be entered under Rule 155 in docket No. 7950-80.